

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# Acosta v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3421

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Acosta v. Nash" (2006). *2006 Decisions*. Paper 1766.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1766

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3421
_____

JOSE ACOSTA,
                              Appellant

v.

JOHN NASH, WARDEN

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-05474)
District Judge: Honorable Joseph E. Irenas

_____

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2006

Before:  SLOVITER, SMITH AND VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed:   January 10, 2006)
_____

OPINION
_____

PER CURIAM

    Appellant Jose Acosta, a federal prisoner, appeals the judgment of the United

States District Court for the District of New Jersey denying his 28 U.S.C. § 2241 petition.

For the reasons that follow, we will affirm the District Court's judgment.

    As noted by the District Court, Acosta was charged with a violation of the Bureau

of Prison's ("BOP") disciplinary code, i.e., fighting (Code # 210), in an incident report

issued on April 15, 2004. Reporting staff indicated that, based on a statement by a witness and injuries sustained by appellant, Acosta was involved in a fight with another inmate on March 28, 2004. Acosta was given a copy of the incident report, advised of his rights and provided an opportunity to make a statement. After reviewing the incident report, Acosta's medical records and photographs of the participants, the investigating officer concluded that the charge was valid and forwarded the incident report to the Unit Disciplinary Committee. A Disciplinary Hearing Officer ("DHO") thereafter held a hearing on April 28, 2004. Acosta was again advised of his rights and offered a staff representative, which he refused. Although he offered no witnesses, Acosta did make a statement whereby he denied being involved in a fight and alleged instead that he injured himself while working in the unit. After considering the evidence presented, the DHO found that Acosta had engaged in fighting as charged. A report detailing the DHO's findings was filed, and appellant was sanctioned twenty-seven (27) days disallowance of good conduct time, sixty (60) days forfeiture of non-vested good conduct time and thirty (30) days of disciplinary segregation.

After exhausting his administrative remedies, Acosta filed a habeas petition in the District Court alleging that his constitutional right to due process had been violated because he was denied the opportunity to investigate, and because the DHO's finding was not supported by sufficient evidence. Acosta also asserted that the DHO was not permitted to sanction him with both the disallowance of good conduct time and the forfeiture of non-vested good conduct time. The District Court found that Acosta's constitutional rights had not been violated and entered an order denying his § 2241

2

petition. Acosta timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's denial of habeas corpus relief and its interpretation of the applicable statutes. Gerbier v. Holmes, 280 F.3d 297, 302 (3d Cir. 2002). At a prison disciplinary hearing, due process requires that the inmate: (i) appear before an impartial decision-making body; (ii) be given at least 24 hours' written notice of the charges; (iii) be afforded an opportunity to call witnesses and present documentary evidence; (iv) be permitted assistance from an inmate representative; and (v) receive a written decision explaining the decision-maker's conclusions. See Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974). The decision-maker's conclusions must be supported by at least "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985). In Hill, the Supreme Court explained:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Id. at 455.

We agree with the District Court, for the reasons stated in its order dismissing Acosta's § 2241 petition, that appellant was afforded all the process he was due. We also agree with the District Court that the evidence is sufficient to support the DHO's finding that Acosta was guilty as charged. The evidence included the following: the report of the investigating officer; the medical injuries sustained by Acosta and photos taken by staff depicting those injuries; a medical report of the inmate with whom Acosta was fighting; a

3

memo submitted by a second officer documenting an interview with another inmate; and information from a confidential informant describing the altercation. In addition, the DHO considered the incredibility of Acosta's statement and the lack of evidence he offered, and concluded that the greater weight of the evidence supported the charge. See District Court's Memorandum Opinion at 7.[1] The evidence being sufficient to support the DHO's finding, our inquiry ends. Contrary to appellant's contention, the court is not required to conduct an independent "in depth" examination of the evidence in order to ensure that it would have issued the same findings if it were sitting as the trier of fact and would have accorded each piece of evidence the same weight as that of the hearing officer. We further reject Acosta's argument that the evidence relied upon by the DHO cannot satisfy the "some evidence" standard simply because a fellow inmate later provided an "exculpatory" statement which he asserts "exonerated" him.[2]

Acosta also argues that the DHO was only permitted to sanction him with either 60 days of forfeiture of non-vested good conduct time or 27 days of disallowance of good conduct time, and he criticizes both the District Court and appellee for failing to address this issue with an extensive discussion. According to appellant, the DHO was using the

_____

[1] Title 28 C.F.R. § 541.17(f) provides that "[t]he decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence." We need not consider whether or how this standard might be different from the one required by Hill, as it is apparent that the evidence against Acosta was sufficient under either standard.

[2] Acosta states that this "exculpatory" statement was provided by inmate Arias, an inmate who appellant claims was a "clear party" to the dispute, see Memorandum in Support of Petition at 2, but who himself apparently denied that he (Arias) had any involvement in the fight. Id. at 3.

4

wrong list of penalties when he imposed sanctions on Acosta. However, our independent review of the relevant regulatory provision and applicable table indicates that it is Acosta who is mistaken as all three of the sanctions he received are permissible for a Code 201 violation (a "High Category" offense), and Acosta offers no legal support for any other conclusion. See 28 C.F.R. § 541.13, Table 13; BOP Program Statement 5270.07.

Acosta's final two contentions can be disposed of with very little discussion. Acosta faults the District Court for entering a final order prior to giving him an opportunity to file a traverse to appellee's response to his § 2241 petition. Appellant's motion requesting an extension of time to file such a document, however, was not received until after the District Court entered its order dismissing the § 2241 petition, and Acosta has failed to demonstrate that the District Court committed reversible error in proceeding as it did. Finally, Acosta claims that the Clerk of this Court erred in assessing a filing fee against him for the instant appeal. He requests that such fee be remitted to him. Once again, however, it appears that Acosta is mistaken. A review of the computerized docketing system for both this Court and the District Court reveals that Acosta was granted in forma pauperis status by the District Court, and that such status carried over on appeal to waive any appellate filing or docketing fees. Thus, there were no fees paid.

For the foregoing reasons, we will affirm the order denying Acosta's habeas petition.